**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ROBERT EGIAZARIAN,<br>Petitioner,<br>v.<br>THOMAS P. GILES, et al.,<br>Respondents. | CASE NO. 2:26-cv-11171-SK<br>**ORDER GRANTING PETITION IN PART (BOND HEARING)** |

Petitioner is a Russian national who was paroled into the United States in March 2022 after an asylum officer found he had a credible fear of persecution. He remained in the country for years after and applied for asylum as part of his ongoing removal proceedings. Meanwhile, in 2026, petitioner was cited or arrested for certain traffic violations. So when he reported to an ICE office on September 11, 2026 pursuant to his parole conditions, he was arrested and detained by Immigration and Customs Enforcement (ICE). That day, ICE served a letter terminating petitioner's parole on the ground that his recent arrests on traffic warrants showed that he posed a danger and a flight risk. He has been detained since at the Adelanto ICE Processing Center. Petitioner now seeks release from detention or else a custody redetermination hearing under 28 U.S.C. § 2241.

For their part, respondents have taken the position that petitioner is detained under 8 U.S.C. § 1226(a), that he may challenge the ICE custody determination at a bond hearing before an immigration judge, and that they

do not oppose an order requiring one. In view of that position, the court sees no reason not to conditionally grant petitioner's requested alternative relief of a bond hearing. *See Clark v. Sweeney*, 607 U.S. 7, 9 (2025); *United States v. Sineneng-Smith*, 590 U.S. 371, 375-76 (2020); *McNeil v. Wisconsin*, 501 U.S. 171, 181 n.2 (1991). The petition is therefore GRANTED IN PART with that understanding.[1]

* * *

No later than 10 days after entry of judgment here, petitioner ROBERT EGIAZARIAN (A# 240-266-000) shall be released from ICE custody unless he is provided an individualized bond hearing under 8 U.S.C. § 1226(a). *See Rodriguez Vazquez v. Bostock*, 183 F.4th 1160, 1167 (9th Cir. 2026) ("A § 1226(a) detainee will be released on bond if he demonstrates by a preponderance of the evidence that he is not a flight risk or a danger to the community.") (citing *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1197 (9th Cir. 2022)).

At such hearing, a neutral immigration judge must exercise her discretion to make an individualized determination whether petitioner

[1] Without the government's concession, petitioner may not necessarily be eligible for a discretionary custody redetermination, much less unconditional release. *See Jennings v. Rodriguez,* 583 U.S. 281, 288 (2018). Petitioner was encountered at the border as an arriving alien with no admission documents under INA § 235(b), 8 U.S.C. § 1225(b), and thus could only enter the country if granted humanitarian parole under INA § 212(d)(5), 8 U.S.C. § 1182(d)(5). But that specialized form of parole is not to be confused with what some call "conditional parole," release on conditions authorized by § 1226(a)—the discretionary detention statute. *See Ortega-Cervantes v. Gonzales*, 501 F.3d 1111, 1116 (9th Cir. 2007). Without that parole, then, petitioner was subject to mandatory detention under INA § 235(b), 8 U.S.C. § 1225(b). And once that parole expired or terminated, petitioner could have been "returned to the custody from which he was paroled." 8 U.S.C. § 1182(d)(5)(A). Consistent with that understanding, agency regulations withhold from immigration judges the authority to redetermine the custody of arriving aliens, including those paroled after arrival. *See* 8 C.F.R. § 1003.19(h)(2)(i)(B). That said, given the government's concession, whether a humanitarian parolee (like petitioner) who has lived within the country beyond the expiration of his parole may be mandatorily detained is not a question that needs deciding here.

should be detained pending removal proceedings based on all relevant facts—including criminal history, immigration history, manner of entry, length of residence, family ties, employment, community connections, compliance with prior orders, and eligibility for relief from removal. *See Matter of Guerra*, 24 I. & N. Dec. 37, 40 (BIA 2006); *Matter of Sugay*, 17 I. & N. Dec. 637, 640 (BIA 1981); *see also Saravia for A.H. v. Sessions*, 905 F.3d 1137, 1145 n.10 (9th Cir. 2018) (noting "that DHS complies with *Sugay* by conducting a 'changed circumstances' bond hearing before an immigration judge within seven to fourteen days of an arrest").

Judgment on the petition will be entered accordingly.[2]

IT IS SO ORDERED.

DATED: October 12, 2026

HON. STEVE KIM
United States Magistrate Judge

[2] The court retains jurisdiction to enforce its judgment, subject to the limits of 8 U.S.C. § 1226(e). *See, e.g.*, *Gomez v. Blanche*, No. 2:26-CV-09172-SK, 2026 WL 2743119, at *1 (C.D. Cal. Sept. 15, 2026); *see also Fan v. Bondi*, --- F. Supp. 3d ---, 2026 WL 2276462, at *14 (C.D. Cal. Aug. 6, 2026).